ORDERED.

Dated:  April 19, 2016

_____
Jerry A. Funk
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                    Case No. 3:14-bk-5838-JAF

ROBERT ALAN SCHWEICKERT, JR.,             Chapter 7

    Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This case came before the Court upon Motion to [Re]Convert Case from Chapter 7 to Chapter 13 (the "Motion to Reconvert") (Doc. 84) and Creditor's, Alex Pemberton ("Mr. Pemberton"), Motion for Relief from Stay (the "Motion for Relief") (Doc. 76).  On March 14, 2016, the Court conducted an evidentiary hearing on the Motion to Reconvert and the Motion for Relief.  The Court took the matters under advisement.  Upon the evidence and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

**Findings of Fact**

Debtor owns property located at 4915 South Florida Avenue, Inverness, FL 34452 (the "Property"). On September 20, 2010, a mortgage foreclosure complaint was filed as to the Property (the "Foreclosure Case") (Pemberton's Ex. 6). On January 23, 2013, a Final Judgment of Foreclosure (the "Foreclosure Judgment") was entered in the Foreclosure Case in favor of Donna Markley and against L & S Builders, Inc., Debtor's wholly owned dissolved corporation. (Pemberton's Ex. 10). The Foreclosure Judgment scheduled a foreclosure sale of the Property for February 21, 2013. (Id.)

On February 20, 2013, Debtor filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, Case No. 6:13-bk-01918-CCJ (the "First Bankruptcy Case"). (Pemberton's Ex. 1). On the petition, Debtor listed "L & S Builders Inc. a Florida dissolved corporation" as a joint debtor. (Id.)[1] On that same day, Debtor filed a suggestion of bankruptcy in the Foreclosure Case leading to the cancellation of the foreclosure sale. (Id.) On September 11, 2013, Debtor received a discharge in the First Bankruptcy Case.

The foreclosure sale was reset for December 26, 2013. (Id.) On December 23, 2013, L & S Builders, Inc. filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, Case No. 6:13-bk-15398-KSJ (the "Second Bankruptcy Case"). (Pemberton's Ex. 24). The petition was signed by Debtor in his capacity as the president L & S Builders, Inc. (Id.) Schedule A of L & S Builders, Inc.'s petition indicated that the company owned the Property. In fact, L & S Builders, Inc. had transferred the property to Debtor by quit claim deed on

---

[1] By Order dated March 6, 2013, the Court struck and removed the name L & S Builders Inc. from the style of the case because the Bankruptcy Code does not authorize joint petitions for individuals and corporations.

2

September 23, 2013. (Pemberton's Ex. 5). On December 26, 2013, less than two hours before the rescheduled foreclosure sale, L & S Builders, Inc. filed a suggestion of bankruptcy in the Foreclosure Case again resulting in a cancellation of the foreclosure sale. (Pemberton's Ex. 22). On April 10, 2014, the Second Bankruptcy Case was dismissed.

Mr. Pemberton purchased the Foreclosure Judgment from the original plaintiff in the Foreclosure Case and on July 18, 2014, was substituted as the party plaintiff in the Foreclosure Case. The foreclosure sale was rescheduled for December 4, 2014. (Pemberton's Ex. 6). On December 2, 2014, Debtor filed the instant bankruptcy case (the "Third Bankruptcy Case"). On December 2, 2014, Debtor filed a suggestion of bankruptcy in the Foreclosure Case. (Id.) Nonetheless, a foreclosure sale of the Property was conducted on December 4, 2014. Mr. Pemberton purchased the Property at the foreclosure sale and the court in the Foreclosure Case issued Mr. Pemberton a certificate of title as to the Property on December 31, 2014.

Approximately five months later, Debtor entered into an agreement leasing the Property to a tenant. According to Debtor, shortly after the tenant took possession of the Property, Mr. Pemberton removed a fence from the Property and made representations to the tenant that he was not allowed to occupy the Property. Mr. Pemberton admitted that he told the tenant he had a deed from Citrus County, Florida, which indicated that he owned the Property, and wondered why the tenant entered into a lease agreement as to the Property. Thereafter, the tenant vacated the Property, and Mr. Pemberton took possession of the Property.

On July 1, 2015, Debtor filed a complaint (the "Complaint") commencing an adversary proceeding against Mr. Pemberton, Adv. No. 3:15-ap-222-JAF. The Complaint alleged that Mr. Pemberton violated the automatic stay when "with knowledge of [D]ebtor's Chapter 7 bankruptcy filing, continued [his] litigation in [the] state court to foreclose [Debtor]'s real property" and when Mr. Pemberton removed the fence from the Property. On December 9, 2015, the Court conducted a trial. On December 15, 2015, the Court entered Final Judgment Finding Violation of Automatic Stay and Denying Damages (the "Adversary Judgment"). In the Adversary Judgment the Court found that the filing of the Third Bankruptcy Case initiated the automatic stay and that the December 4, 2014 sale of the Property and the resulting certificate of title were void. The Court also found that the bankruptcy estate holds Debtor's interest in the Property. Finally, the Final Judgment required that either Mr. Pemberton or Debtor at their own expense move to vacate the certificate of sale and certificate of title in the Foreclosure Case.

While the Third Bankruptcy Case was initially filed as a Chapter 7 case, on January 5, 2015, Debtor converted it to a Chapter 13 case. On September 21, 2015, the Court reconverted the case to Chapter 7 based upon Debtor's failure to make his Chapter 13 plan payments. On January 19, 2016, Mr. Pemberton the Motion for Relief, wherein he alleges that there is no equity in the Property and seeks to move forward with the Foreclosure Action.[2] On January 27, 2016, over four months after the case was converted to Chapter 7 but only 8 days after Mr. Pemberton filed the Motion for Relief, Debtor filed the Motion to Reconvert.

---

[2] Debtor concedes there is no equity in the Property.

4

**Conclusions of Law**

Section 706(a) of the Bankruptcy Code provides that a "debtor may convert a case under this chapter to a case under chapter … 13 of this title at any time, if the case has not been converted under section … 1307 of this title." 11 U.S.C. § 706. Some courts interpret § 706(a) as prohibiting reconversion if the case was previously converted. See In re Baker, 289 B.R. 764, 767 (Bankr. M.D. Ala. 2003) (collecting cases). Other courts read § 706(a) as giving the bankruptcy court discretion to permit reconversion even if a case has previously been converted. Id. (collecting cases). The Court agrees with the latter group of courts and finds that it has discretion to permit reconversion of a previously converted case.

There is a bad faith exception to the right created by § 706(a). Marrama v. Citizens Bank of Mass., 549 U.S. 365, 370-71 (2007). While the Supreme Court did not precisely articulate what conduct qualifies as "bad faith" sufficient to deny conversion of a case from Chapter 7 to Chapter 13, it noted that such conduct must be "atypical" and the case an "extraordinary" one. Id. at 375 n.11. In determining whether a debtor engaged in bad faith, courts look at the totality of the circumstances because such an approach provides the "'flexibility to consider the specific circumstances of each case.'" In re Gedda, 2015 WL 1396605 at * 3 (Bankr. M.D. Fla. Mar. 24, 2015) (quoting In re FMO Assocs. II, LLC, 402 B.R. 546, 552 (Bankr. E.D.N.Y. 2009)). Courts look to various factors including whether a debtor has only one asset. Id. at *3-4. Additionally, courts consider "'the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion; [and] the effect of conversion on

the efficient administration of the bankruptcy estate.'"  Id. at *4 (quoting In re Shankman, 382 B.R. 591, 597 (Bankr. E.D.N.Y. 2008)).

Mr. Pemberton asserts that Debtor is attempting to reconvert the case in bad faith. He points out that the case is a two party dispute which involves a single asset, Debtor's equity of redemption in the Property, and that the sole purpose of the reconversion is to delay the Foreclosure Case.  Debtor asserts that his financial condition has changed considerably since the Third Bankruptcy Case was converted to a Chapter 7 case.  Debtor asserts that he has a prospective tenant for the Property, has the ability to make his Chapter 13 plan payments, and has obtained a quote for insurance on the Property.  The Court finds that this is an extremely close case and it has considerable misgivings about permitting Debtor to reconvert the case.  Debtor has utilized the bankruptcy courts for over three years to delay the Foreclosure Case.  However, the Court will allow Debtor to reconvert the case to Chapter 13 and give him a final opportunity to reorganize his debt. The Court will enter separate orders granting the Motion to Reconvert and denying the Motion for Relief and granting adequate protection.

The Clerk's office is directed to serve a copy of this Order on interested parties.